```
ANITA B. CARR
11801 BLOOMINGTON WAY
DUBLIN, CA 94568
925-353-2787
```

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>ANITA B CARR, in pro per<br><br>Debtor, | ) CHAPTER 13<br>)<br>)<br>)<br>) CASE NO. 15-42212 WJL 13<br>)<br>)<br>) DEBTOR'S OBJECTION, OPPOSITION AND<br>) REPLY TO JPMORGAN CHASE BANK, N.A.<br>) OBJECTION TO CONFIRMATION OF<br>) CHAPTER 13 PLAN. |

ANITA B. CARR, in Pro Per, (hereinafter "Carr" or "Debtor"), files this OBJECTION, OPPOSITION and REPLY TO **JPMORGAN CHASE BANK, N.A. OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN.**

### JURISDICTION

The Court has jurisdiction over this Chapter 13 Plan 11 U.S.C.

### ARGUEMENT

JPMORGAN CHASE BANK, N.A. ("JPMorgan") claims to be an alleged servicer and

DEBTOR OBJECTION TO JPMORGAN OBJECTION TO PLAN CONFIRMATION

1

alleged party in interest for an alleged U.S BANK, N.A. as Trustee for J.P.Morgan Mortgage Acquisition Trust 2006-NC1, Asset Backed Pass-Through Certificates ("JPMAC").

Debtor Anita B. Carr ("Carr") objects, opposes and disputes this and JPMorgan has offered no proof at all, of their claim to be a 'servicer or party in interest' to an IRS REMIC trust. JPMorgan also claims to be the 'holder' of a secured claim recorded against the property at 11801 Bloomington Way in Dublin, CA 94568 (hereinafter "Property").

There is no such recording at the Alameda County Recorder's office. There is no such recording in the Alameda County Recorder's office of any document stating that the alleged Trustee for J.P.Morgan Mortgage Acquisition Trust 2006-NC1, Asset Backed Pass-Through Certificates ("JPMAC") is a 'holder' of a secured claim recorded against the property.

Furthermore, a servicer cannot be a 'creditor' under federal TILA 1641(g). According to TILA 1641(g)-the creditor is supposed to be identified with the contact information. The Federal Reserve opinion on this part of TILA states that if the creditor is an investor – the one with the largest position of investment must be identified. To date no real party in interest has been identified, nor any creditor identified along with any contact information to Carr, even though Carr has repeatedly requested the information. Carr believes that there is obfuscation of the truth surrounding the parties listed on the objection and fraud upon this court.

An IRS REMIC trust such as the alleged J.P.Morgan Mortgage Acquisition Trust 2006-NC1, Asset Backed Pass-Through Certificates ("JPMAC") also cannot be considered a real Creditor per TILA laws. A trust cannot own anything. Additionally, this asset backed pass-through trust money flow was paid to the certificate holders ("investors"). These IRS REMIC asset backed-pass through trusts' sole function was to forward money to the certificate holders. These IRS REMIC asset backed-pass through trusts never 'held' anything.

There is also no proof at all that any purported loan to Carr was part of any mortgage pool which was securitized into JPMAC and possibly other IRS REMIC MBS or ABS trusts.

Carr was never notified, in violation of TILA laws, that any alleged loan was transferred

DEBTOR OBJECTION TO JPMORGAN OBJECTION TO PLAN CONFIRMATION

Case: 15-42212    Doc# 44    Filed: 10/09/15    Entered: 10/09/15 16:17:53    Page 2 of 6

or sold to any other entity, especially in the case of JPMAC. Carr had no knowledge that any alleged legal and valid loan was sold to any entity to be 'securitized' which falls under the IRS REMIC laws

The federal income taxation of REMICs is governed primarily under 26 U.S.C. §§ 860A–860G of Part IV of Subchapter M of Chapter 1 of Subtitle A of the Internal Revenue Code (26 U.S.C.). To qualify as a REMIC, an organization makes an "election" to do so by filing a Form 1066 with the Internal Revenue Service, and by meeting certain other requirements.

---

Under the bankruptcy codes, although 1128(b) states that a "party in interest" has standing to object to plan confirmation, section 1128 does not provide any guidance as to who or what constitutes a "party in interest." Section 1109(b), however, defines a party in interest to include the debtor, a trustee, a creditor, an equity security holder, a creditors' or equity security holders' committee, or an indenture trustee.

Therefore, the alleged servicer JPMorgan Chase Bank cannot be a party in interest in this matter nor file an objection to the plan confirmation.

Neither JPMorgan Chase Bank, N.A. nor U.S. Bank, N.A. as Trustee for J.P.Morgan Mortgage Acquisition Trust 2006-NC1, Asset Backed Pass-Through Certificates, hold a secured claim recorded against the Property. Any recording would be at the Alameda County Recorder's office in California. There is NO such recording.

Carr never had any contracts, agreements or other arrangements with either the above servicer nor the JPMAC, nor the Trustee to JPMAC in this matter.

Additionally, the above named REMIC trust has long been gone. The trust has been dismantled with any remnants sold to distressed debt buyers, that have not been identified but are required by law to be identified. Any derivative swap contracts that swap out any rights derived from dissolved trusts are NOT a security and cannot be part of any trust dissolved or not. The

servicer JPMORGAN cannot be collecting for dissolved Trust or any derivative contracts which are not and cannot be part of any REMIC trust according to the IRS and the SEC (Securities and Exchange Commission).

This honorable court should demand to know the date the REMIC trust ceased to exist as it would have a direct impact to any amounts claimed in the JPMORGAN objection to plan confirmation in this matter.

It would behoove this honorable court to demand proof of the alleged 'security interest' in its original form, not copies. Security interest could be, but not limited to, an original blue-ink Promissory Note and allonges; an original Deed of Trust; an original Assignment of Deed of Trust and any other supporting documents, whether recorded or not, in their original form.

It would behoove this honorable court to demand proof of any such recordation against the Property in support of the claim that JPMORGAN is the 'holder of the secured claim recorded against the property.'

## MONETARY ISSUES

Debtor Carr denies and disputes all amounts which JPMORGAN claims are due, including arrearages.

As to the $1.5+million dollars claimed in the JPMORGAN objection to the plan confirmation, with their statement that that is the amount due under the alleged Promissory Note, there is not detailed breakdown as to that amount, nor to whom that money is owed. That dollar amount is not owed to the servicer JPMORGAN. The servicer cannot be the holder of any Promissory Notes in the REMIC securitization schema. Carr does not owe that amount of money. Carr does not have any contract with the servicer.

Should JPMORGAN be demanding that amount of money for the trust JPMAC, and assuming the alleged Carr loan was moved into that trust in a timely manner and that the alleged loan was legal and valid, it is a violation of the IRS REMIC laws to keep any defaulted loan (arrearages) or foreclosed loans more than 18 months in the REMIC trust. Therefore, the amount

DEBTOR OBJECTION TO JPMORGAN OBJECTION TO PLAN CONFIRMATION

4

Case: 15-42212    Doc# 44    Filed: 10/09/15    Entered: 10/09/15 16:17:53    Page 4 of 6

of the alleged claim of $1.5+ million dollars is false as that amount cannot ever be calculated as to what is due to JPMAC. Again, Carr has no contract with JPMORGAN the servicer, so that amount is not due to the servicer. There is no accounting detail to attribute to the sum of $1.5+ million dollars in arrearages. Neither the servicer JPMORGAN, nor the REMIC trust JPMAC are the real creditor(s). The real creditor(s), in violation of TILA laws, has never been identified.

The true 'holder' of the alleged Promissory Note has ever been identified. The real creditor has not appeared in this matter nor identified to the debtor.

The amount of what JPMORGAN is saying is a pre-petition arrearage of $769,114.27 is false.

Debtor Carr prays that this Honorable Court issue sanctions on the attorneys at Malcolm – Cisneros Law Corporation for filing false & misleading documents and for obfuscating the truth.

## SOP

Debtor never received from the law firm or one Lorena Farias, who signed the Proof of Service, the Objection to Confirmation which was stated to be served on September 29, 2015.

It was not until the bankruptcy court mailed a copy to this Debtor which was only recently received after the first week in October 2015.

## CONCLUSION

**WHEREFORE, the Debtor requests:**

**That the J.P. Morgan Chase Bank, N.A Objection to confirmation for the plan be over-ruled.**

DATED: October 9, 2015

Debtor Anita Carr in Pro Per

DEBTOR OBJECTION TO JPMORGAN OBJECTION TO PLAN CONFIRMATION

5

ANITA B. CARR
11801 BLOOMINGTON WAY
DUBLIN, CA 94568
925-353-2787

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re:<br>ANITA B CARR, in pro per<br><br>Debtor, | ) CHAPTER 13<br>)<br>)<br>)<br>) CASE NO. 15-42212 WJL 13<br>)<br>)<br>)<br>) CERTIFICATE OF SERVICE<br>) |

On _October 10, 2015_ I served the within _Objection By Debtor_ [document] by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the U.S. Mail at _Dublin_, California, to all parties entitled to receive regularly mailed notices, addressed as followed:

See Attached

If the Chapter 13 Trustee is otherwise entitled to notice, she will receive such notice upon the electronic filing of the above-named document.

I declare under penalty of perjury, that the foregoing is true and correct. Executed on _October 9, 2015_ at Dublin, California.

Dated _October 9, 2015_            _Dina Mackey_
                                    DINA MACKEY

CERTIFICATE OF SERVICE

1

Case: 15-42212    Doc# 44    Filed: 10/09/15    Entered: 10/09/15 16:17:53    Page 6 of 6